NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3403
_____

UNITED STATES OF AMERICA,

Appellant

v.

SEAN DAVID WOODSON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-09-cr-00117-001)
District Judge:  Honorable Sue L. Robinson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2012

Before:  SCIRICA, FISHER and JORDAN, *Circuit Judges*.

(Filed: January 4, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

The United States appeals the District Court's order granting Sean Woodson's

motion for a new trial.  For the reasons stated below, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of the case. Therefore, we will set forth only those facts necessary to our analysis.

In the spring of 2009, Delaware Probation and Parole Officer Brian Payton was assigned to supervise Sean Woodson during his term of probation. While preparing for Woodson's monthly visit to the probation office, Payton searched a national computer database and discovered that there was an active warrant for Woodson's arrest issued by the State of Maryland. When Woodson arrived at the office on October 9, 2009, Payton immediately took him into custody on the basis of the warrant. In following standard police procedure, Payton conducted a pat-down search of Woodson to check for weapons. Upon finding several loose pills of Percocet, a controlled substance for which Woodson had not reported a prescription, and after conferring with his supervisor, Payton searched Woodson's vehicle for additional contraband. In a safe in the trunk of Woodson's truck, Payton found, among other things, a loaded .357 revolver.

Woodson was indicted by a grand jury on December 10, 2009 for being a felon in possession of a firearm affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Woodson proceeded *pro se* with standby counsel assigned. At the close of trial on January 6, 2011, the District Court properly instructed the jury that the single count of the crime had three elements, all of which must be proven to return a

2

conviction. Less than two hours after breaking for deliberations, the jury sent the Court the following written question: "The charges on Page 18 have to apply for all or just one?" Without conferring with either party, the District Court responded in writing: "I'm sorry – I don't understand the question. There is only one count – with three elements." The jury then replied in a note stating, "Okay. We Understand. See you tomorrow." The District Court then informed the jury, "I might want to make sure we're all on the same page by another note tomorrow. Safe drive tonight and tomorrow."

Later that afternoon, the parties appeared before the District Court and were advised that the Court had received a question from the jury. At this time, Woodson's standby counsel objected to the District Court answering jury questions without his client being told about the questions or being consulted. The District Court explained that its responses were only for the sake of clarification. After additional deliberations, the jury returned a verdict of guilty. Woodson filed a motion *pro se* requesting a new trial under Rule 33 of the Federal Rules of Criminal Procedure, arguing that the District Court erred by responding to the jury's message out of the presence of himself and his standby counsel.

On August 5, 2011, the District Court granted Woodson's motion for a new trial. The District Court explained that under Rule 43 of the Federal Rules of Criminal Procedure, the Confrontation Clause of the Sixth Amendment, and the Due Process Clause of the Fifth Amendment, a jury's message must be answered in open court and

defense counsel must be given an opportunity to be heard before the trial judge responds. The District Court also determined that it could not conclude beyond a reasonable doubt that the defendant was uninjured by this error. On August 31, 2011, the government timely filed a notice of cross-appeal from the order granting a new trial.[1]

## II.

The District Court exercised jurisdiction over this criminal case pursuant to 18 U.S.C. § 3231. We have jurisdiction over an appeal from an order granting a motion for a new trial pursuant to 18 U.S.C. § 3731.[2]

The government raises one argument on appeal: that the District Court committed a harmless error by not answering the jury's question in open court and therefore erroneously granted Woodson a new trial. We review a district court's decision to grant a new trial for an abuse of discretion. *United States v. Kelly*, 539 F.3d 172, 181 (3d Cir. 2008).

---

[1] When the government filed its notice of cross-appeal, Woodson was the appellant, having filed a notice of appeal from the District Court's order denying his motion for acquittal. On January 11, 2012, we dismissed Woodson's appeal. The government is now the appellant in the matter before us.

[2] Woodson argues that we lack jurisdiction because an order for a new trial in a criminal case is not appealable before a retrial occurs. Woodson's argument, however, rests on the state of the law as it existed nearly thirty years ago. In 1984, Congress amended 18 U.S.C. § 3731 to permit government appeals from orders "granting a new trial after verdict or judgment." Comprehensive Crime Control Act of 1984, Pub. L. No. 98-473, Title II, § 1206, 98 Stat. 2153 (1984); *see also United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006); *Gov't of V.I. v. Mills*, 935 F.2d 591, 594-95 (3d Cir. 1991).

III.

A district court may grant a new trial when "the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 43(a) of the Federal Rules of Criminal Procedure mandates that a defendant be present at "every trial stage, including jury impanelment and the return of the verdict." This rule is grounded in the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth Amendment. *United States v. Toliver*, 330 F.3d 607, 611 (3d Cir. 2003). The harmless error standard applies to violations of Rule 43. *Toliver*, 330 F.3d at 612. For a violation of the defendant's constitutional rights to be deemed harmless, the "government must prove beyond a reasonable doubt that the defendant was uninjured by the error." *Id.*

The District Court did not abuse its discretion when it held that it could not find beyond a reasonable doubt that Woodson was uninjured by its instruction. It is possible that the instruction could have, in some manner, affected the jury's decision-making. Not only was the jury's question asked during deliberations, but it also dealt solely with the jury's requirements to find a conviction. Both of these factors increase the likelihood that the District Court's responses affected the judgment rendered by the jury. Furthermore, given the confusion demonstrated by the jury's original inquiry, it is possible that the District Court's response did in fact affect the deliberations. The harmless error standard was not met in this case and we therefore find no abuse of discretion in the District Court's ruling.

5

IV.

For the foregoing reasons, we will affirm the decision of the District Court to grant a new trial.