DLD-437                                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3252
_____

SEAN DAVID WOODSON,

Appellant

v.

JAMES RUNYON

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:13-cv-04098)
District Judge:  Honorable Renee M. Bumb

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 26, 2013
Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: October 08, 2013)
_____

OPINION
_____

PER CURIAM

Sean David Woodson, a federal pretrial detainee proceeding pro se, appeals from

the District Court's dismissal of his complaint.  Because the appeal does not present a

1

substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

In 2010, Woodson and Runyon signed a document that provided, inter alia, that Runyon would "not relate any sentiment or concept expressed by Mr. Woodson during [the] acquaintance as being truth or fact, or of a serious nature, to any other party, either real or fictitious."  A year later, in the District of Delaware, Woodson was convicted of being a felon in possession of a firearm.  See United States v. Woodson, D. Del. Crim. No. 1:09-cr-117.  In August 2011, the District Judge presiding over Woodson's criminal trial granted his motion for a new trial.  We affirmed.  United States v. Woodson, 508 F. App'x 189 (3d Cir. Jan. 4, 2013).

In April 2013, a second superseding indictment was filed, charging Woodson with being a felon in possession, obstruction of justice, witness tampering, and drug trafficking.  See United States v. Woodson, D. Del. Crim. No. 1:09-cr-117.  During grand jury proceedings for this indictment, Runyon was either subpoenaed or invited to testify as Woodson's witness.  However, his testimony was not favorable to Woodson, as he stated that Woodson had tried to "corruptly persuade[]" him to testify in his favor.

In July 2013, Woodson filed a complaint alleging that Runyon breached the contract that he and Woodson had entered into in July 2010.  The District Court sua sponte dismissed his complaint for failure to state a claim.  This appeal followed.

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291[1] and exercise plenary review over the District Court's dismissal order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We may summarily affirm on any basis supported by the record.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

"It is axiomatic that a court may refuse to enforce a contract that violates public policy."  Fields v. Thompson Printing Co., 363 F.3d 259, 268 (3d Cir. 2004).  The contract in question here essentially promotes the commission of perjury, as it prohibits Runyon from "relat[ing] any sentiment or concept expressed by Mr. Woodson . . . as being truth or fact . . . to any other party."  When Runyon was called to testify at the grand jury, he would have been forced to lie regarding the veracity of any statements made by Woodson in order to uphold his "contractual" obligation.  We cannot imagine that any jurisdiction would hold that such a contract is enforceable.  See, e.g., Saxon Const. & Mgmt. Corp v. Masterclean of N.C., Inc., 641 A.2d 1056, 1058 (N.J. Super. Ct.

---

[1] We conclude that the District Court had jurisdiction pursuant to 28 U.S.C. § 1332.

3

App. Div. 1994) (noting that courts have declined to enforce contracts that promote crime). Accordingly, the District Court's dismissal of Woodson's complaint was proper.[2]

IV.

For the foregoing reasons, we will summarily affirm the District Court's judgment. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Woodson's motion for appointment of counsel is denied.

---

[2] Under the circumstances presented here, leave to amend need not have been allowed. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).